Announced Wednesday, May 19.

38459. Hyde, appellant v. City of Lakewood, appellee. ■

Holt, appellee v. City of Cincinnati, appellant. ■ Zimmerman, Judge.

1. Unless there is a statute removing immunity, a governmental unit or agency may escape liability for the commission of a tort upon a showing that a governmental function was being performed at the time the tort occurred.

2. Whether the performance of various activities by a municipality is governmental or proprietary frequently depends on the peculiar facts of the particular case. In one instance a municipally owned hospital may be found to be carrying on a governmental function in the manner of its operation, whereas in another instance a finding may be made that a municipally owned hospital is being operated in a proprietary capacity.

Judgments affirmed.

Taft, C. J., O'Neill and Brown, JJ., concur.

Matthias, Herbert and Schneider, JJ., concur in case No. 38955 but dissent in case No. 38459.

38823. Commonwealth Loan Co. appellee v. Berry; Downtown Lincoln-Mercury Co., appellant. ■

Brown Judge.

The specific priority granted in Section 4505.13 Revised Code to liens noted upon the certificate of title of a motor vehicle makes such liens valid against other liens and prevails over the general provision Section 1309.29, Revised Code relating to artisan's liens. (Sections 1309.29, 1333.-41 and 4505.13, Revised Code, construed.)

Judgment affirmed.

Taft, C. J., Zimmerman, Matthias, O'Neill, Herbert and Schneider, JJ., concur.

38922. Village of Fairlawn, appellee v. Preston (Masheter, Successor), Dir. of Highways, appellant. ■

Zimmerman, Judge.

Section 5511.01, Revised Code, involves primarily the establishment of a highway by the state Director of Highways in the manner prescribed, which highway may or may not be constructed, whereas Section 5521.01, Revised Code, involves primarily the actual construction of a highway by the director, and by that section the consent of the legislative authority of a municipality not in existence when the highway was established but in existence when the construction through it is about to take place, must be secured by the director. Where such consent is refused, the director must prepare a resolution declaring the necessity of such improvement as planned and serve a certified copy thereof upon the municipal authorities, who may then appeal to the Court of Common Pleas in the manner and on the basis provided.

Judgment affirmed.

Taft, C. J., Matthias, O'Neill, Herbert, Schneider and Brown, JJ., concur.